[No. 15014. Department Two. January 9, 1919.]

GEORGE HANCOCK, *Appellant,* v. PACIFIC COAST
ELEVATOR COMPANY, *Respondent.*[1]

WAREHOUSEMEN (7)—ACTION FOR CONVERSION—TITLE—EVIDENCE.
An action for the conversion of wheat held in warehouse, must fail
where plaintiff had sold all his receipts, representing all his wheat,
although, due to a commingling of other wheat, a portion of it re-
mained in the warehouse after full delivery to the purchaser; since
plaintiff had no title.

Appeal from a judgment of the superior court for
Walla Walla county, Mills, J., entered April 22, 1918,
in favor of the defendant, notwithstanding the verdict
of a jury rendered in favor of the plaintiff, in an action
for conversion. Affirmed.

*J. W. Brooks,* for appellant.

*J. G. Thomas* and *W. A. Toner,* for respondent.

HOLCOMB, J.—Appellant stored his 1915 crop of Tur-
key Red wheat in respondent's warehouse at Moore
Station. It was piled in the south end of the ware-
house in an L shape, in a separate pile marked with ap-
pellant's name for identification. The wheat remained
in the warehouse until about November, 1916, at which
time it was weighed out and delivered, excepting 164
sacks, to Jones-Scott Company, which had purchased
all the warehouse receipts from appellant. During the
time the wheat was in storage, the end of the ware-
house fell, and a considerable quantity of the wheat
also fell out, which necessitated resacking the fallen
wheat. The resacking increased the number of the
sacks, for the reason that some sacks contained smaller
quantities of grain than originally. Some 12,000
pounds of wheat more than the warehouse receipts

[1]Reported in 177 Pac. 639.

called for, and evidently wheat of other parties, was delivered to Jones-Scott Company, and appellant found that there remained 164 sacks, or 340 41/60 bushels, of his wheat, for which respondent issued and delivered to appellant a memorandum of scale weight, subsequent to the sale to Jones-Scott Company. Respondent sold this wheat with all the other wheat in the warehouse. Appellant brought action to recover $500 for the value of the 164 sacks of wheat. The jury returned a verdict in favor of appellant for the sum of $429.25. On motion of respondent, the court, on April 22, 1918, entered a judgment notwithstanding the verdict in favor of respondent. The entry of this judgment is assigned as error.

The evidence shows that the wheat which appellant had delivered to the respondent was sold by the appellant to the Jones-Scott Company. The appellant testified as follows:

"Q. How many bushels of wheat did you sell to the Jones-Scott Company? A. I cannot say. I sold them my wheat that I had in there, all the wheat I had in there, and I went by my receipts. Mr. Kershaw said he would take my wheat and if there was any over-weight he would take it at the same price, so it was weighed out. Q. Do you know how much more wheat they paid for than your receipts call for? A. About two hundred bushels."

The evidence is uncontradicted that the appellant sold all his wheat, and that the Jones-Scott Company bought all the appellant's wheat in the warehouse. If any of the wheat was left in the warehouse out of the pile that appellant had delivered to the warehouse in 1915, while, of course, it would not belong to respondent, it could no longer belong to the appellant on account of the sale. All over-weight, under the sale, belonged to Jones-Scott Company, which alone

would be liable to appellant for its value, and respondent could not be liable for its value.

Respondent had answered, alleging, and appellant proved, that Jones-Scott Company had bought appellant's 1915 crop of wheat. There being no showing that the appellant was in any way representing or succeeding the Jones-Scott Company in the action, the appellant's complaint must fail if the proof does not substantiate it. The evidence was such that the minds of reasonable men could not differ, and the judgment notwithstanding the verdict was proper. The judgment is affirmed.

MAIN, C. J., PARKER, FULLERTON, and MOUNT, JJ., concur.