[No. 16256.   Department Two.   March 30, 1921.]

GEORGE HANCOCK, *Appellant,* v. PACIFIC COAST
ELEVATOR COMPANY, *Respondent.*[1]

WAREHOUSEMEN—ACTIONS AGAINST—INSTRUCTIONS. Where one deposited a quantity of wheat in a warehouse for which he received receipts, and later sold the wheat and delivered the receipts to another, who surrendered the receipts and received a less number of sacks, but a larger quantity of wheat than the receipts called for, and then assigned any claim existing against the warehouseman to the original depositor, who sued for the value of the wheat as represented by the difference between the number of sacks as shown by delivery and by warehouse receipts, it was not error to instruct the jury that there was no claim that plaintiff delivered to the warehouse wheat for which he did not receive receipts; that plaintiff's rights were those only of his assignor, and that the market value should be found as of the time when his assignor made demand for the wheat.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered June 7, 1919, upon the verdict of a jury in favor of defendant, in an action for conversion. Affirmed.

*J. W. Brooks,* for appellant.

*J. G. Thomas* and *W. A. Toner,* for respondent.

TOLMAN, J.—Appellant, as plaintiff, brought this action to recover the value of 340 bushels and 41 pounds of wheat, upon an assignment of a claim therefor from Jones-Scott Company. Appellant had previously prosecuted a suit to recover the value of the same wheat in his own right, which action finally reached this court and its decision is reported in 105 Wash. 149, 177 Pac. 639, to which reference is made for a more detailed statement of the facts.

The case was tried to a jury, which rendered a verdict in favor of respondent, defendant below, and from

[1] Reported in 196 Pac. 647.

a judgment on the verdict this appeal is prosecuted.

Since the previous action was determinative of all of the appellant's claims respecting the subject-matter against the respondent which then existed, the present action can relate only to such claims as Jones-Scott Company might have had against respondent and which did or could pass by its assignment to appellant.

Appellant placed in respondent's warehouse a certain number of sacks of wheat, which were then weighed, and warehouse receipts were then issued to him, which gave the number of sacks and the weight of the wheat held under and deliverable upon the surrender of the receipts. He sold to Jones-Scott Company all of his wheat so stored; surrendered to it the warehouse receipts, and Jones-Scott Company in turn surrendered the warehouse receipts to respondent; ordered the wheat described therein to be weighed out and shipped, and actually received from respondent some twelve thousand pounds more wheat than was called for by the warehouse receipts, and for the amount so received it paid appellant at the rate contracted for, though, by reason of the resacking, the number of sacks delivered to Jones-Scott Company did not correspond with the number described in the warehouse receipts.

Assuming that, under its contract with appellant, Jones-Scott Company still had the right to take, pay for and realize a profit upon any wheat thereafter remaining in the warehouse which had been placed therein by appellant, we cannot see that the instructions complained of, to the effect that there was no claim that appellant delivered to the warehouse wheat for which he did not receive receipts; that appellant's rights were those only of Jones-Scott Company before it executed the assignment sued upon, and that the

market value should be found as of the time when Jones-Scott Company made demand for the wheat, were other than a proper exposition of the law applicable.

The theory of the appellant was that, by absorbing moisture from the atmosphere, the wheat had increased in weight, while in the warehouse, to the extent of the twelve thousand pounds overplus delivered to Jones-Scott Company, plus also the 340 bushels and 41 pounds which remained after the warehouse receipts had been honored. While respondent's theory was that at least to the extent of the amount of wheat involved in this action, there had been a commingling with other wheat while in the warehouse, as a result of which the pile of wheat supposed to represent that delivered to it by appellant had been increased, and a corresponding shortage created in other piles belonging to other persons.

After a careful examination of the entire record, having both theories in mind, we are convinced that the trial court properly instructed the jury and committed no prejudicial error.

The judgment is therefore affirmed.

PARKER, C. J., MAIN, MITCHELL, and MOUNT, JJ., concur.